■    In the Matter of the Estate of WILLIAM J. WEAVER, Deceased. EDWARD W. PATTISON, as Administrator of the Estate of WILLIAM J. WEAVER, Deceased, et al., Respondents; STATE TAX COMMISSION, Appellant.— Appeal from a decree of the Surrogate's Court of Rensselaer County, entered March 7, 1979, which determined that funds passing from the decedent's estate to the United States as trustee for the sole use and benefit of the General Post Fund, pursuant to section 5220 of title 38 of the United States Code, were not subject to New York estate tax under article 26 of the Tax Law. Decedent became totally and permanently disabled as a result of injuries sustained in the armed forces during World War I. Following his discharge from service in 1920, he spent a substantial portion of his life in hospitals. On January 3, 1931 he was adjudicated mentally incompetent and a committee was appointed to manage his affairs. On July 18, 1972 he entered the Veterans Administration Hospital in Albany where, 10 days later, he died intestate, leaving no heirs or next of kin. At the time of death his gross estate amounted to $118,917.28, of which $8,177.69 had been received from a predeceased sister, and $140.58 from two insurance policies. The balance represented funds he had received during his lifetime from the Veterans Administration as monthly compensation for his service-connected disability. After the payment of funeral and administrative expenses, the administrator of his estate proposed to pay an estimated New York transfer and estate tax pursuant to article 26 of the Tax Law, and to distribute the remainder to the United States under section 5220 of title 38 of the United States Code. Objections to the payment of the New York tax were filed by the United States, on behalf of the Veterans Administration, which argued that the statute required the payment of the entire balance without deduction for any State tax. After a hearing, the Surrogate determined that the

estate was exempt from the New York estate tax and this appeal by the State Tax Commission ensued. Section 5220 of title 38 of the United States Code provides: "(a) Whenever any veteran (admitted as a veteran), or a dependent or survivor of a veteran receiving care under the last sentence of section 613(b) of this title, shall die while a member or patient in any facility, or any hospital while being furnished care or treatment therein by the Veterans' Administration, and shall not leave surviving him any spouse, next of kin, or heirs entitled, under the laws of his domicile, to his personal property as to which he dies intestate, all such property, including money and choses in action, owned by him at the time of death and not disposed of by will or otherwise, shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund (hereafter in this subchapter referred to as the Fund), a trust fund prescribed by section 725s(a)(45) of title 31. (b) The provisions of subsection (a) are conditions precedent to the initial, and also to the further furnishing of care or treatment by the Veterans' Administration in a facility or hospital. The acceptance and the continued acceptance of care or treatment by any veteran (admitted as a veteran to a Veterans' Administration facility or hospital) shall constitute an acceptance of the provisions and conditions of this subchapter and have the effect of an assignment, effective at his death, of such assets in accordance with and subject to the provisions of this subchapter and regulations issued in accordance with this subchapter." The tax imposed by the Tax Law of the State of New York is upon the *transfer* of assets (Tax Law, § 952). The Federal statute involved provides for the immediate vesting of all personal property in the United States. Under well-established principles of constitutional law, no State tax can be imposed on property of the United States in the absence of express congressional consent *(United States v County of Allegheny,* 322 US 174, 176-177; *McCulloch v Maryland,* 4 Wheat 316, 436). No consent having been granted, the question presented is whether the fund in the hands of the administrator is a possession or property of the United States entitled to such exemption from tax. In a somewhat similar situation, a Federal court has determined that it was the intent of Congress to preclude State estate taxation of veterans' assets passing to the United States under the provisions of the quoted statute *(Matter of Levy,* 574 F2d 128, 131, affd *sub nom. New York v United States,* 439 US 920). While *Levy* may be distinguished on its facts, we concur in its interpretation of that provision and conclude that the clear and unambiguous language of the statute demands that all property passing thereunder immediately becomes property of the United States with exemption from any tax. We find no merit in appellant's other arguments or its reliance on the holding in *Matter of O'Brine* (37 NY2d 81). That decision concerned itself with yet another Federal statute, one referring to property that would escheat, and is clearly inapplicable to the circumstances of this case. Finally, in view of our conclusion, we need not reach appellant's remaining contention that the Internal Revenue Service was in error in determining decedent's gross estate passed to the United States with a complete deduction therefrom as an obligation imposed by law. Nevertheless, we note that appellant has failed in its burden to produce evidence of error (Tax Law, § 961, subd [a]). Decree affirmed, without costs. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur. [97 Misc 2d 72.]